Andrew R. McCloskey, State Bar No. 179511
E-Mail: amccloskey@mwwllp.com
Christina Ding, State Bar No. 286009
E-Mail: cding@mwwllp.com
McCLOSKEY, WARING & WAISMAN LLP
550 West C Street, Suite 2050
San Diego, California 92101
Telephone No.: 619.237.3095
Fax No.: 619.237.3789

Attorneys for Defendant
INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORENA VISTA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. '14CV1917 H   JMA<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Removed from the California Superior Court, County of San Diego, (Case No. 37-2014-00023031-CU-IC-CTL) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Insurance Company of the State of Pennsylvania ("ISOP") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1391, 1441, and 1446. In support of this Notice of Removal, ISOP states the following:

///

1

NOTICE OF REMOVAL

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332(a) and removal jurisdiction under 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

## TIMELINESS OF REMOVAL

2. On July 11, 2014, Plaintiff Morena Vista, LLC ("Plaintiff" or "Morena Vista") filed a complaint against ISOP in the Superior Court of the State of California, County of San Diego, Case No. 37-2014-00023031-CU-IC-CTL (the "Complaint"). (Exhibit A).

3. The Complaint asserts six causes of action: 1) Breach of Written Contract; 2) Declaratory Relief; 3) Breach of the Implied Covenant of Good Faith and Fair Dealing (by Morena Vista as Legacy Building Services, Inc.'s ("Legacy") Assignee); 4) Unlawful Business Practices Under Cal. Bus. & Prof. Code § 17200; 5) Recovery of Judgment Under Cal. Ins. Code § 11580(b)(2); and 6) Breach of the Implied Covenant of Good Faith and Fair Dealing (by Morena Vista). (Exhibit A at ¶¶ 33-66). Plaintiff alleges that ISOP is obligated to pay Morena Vista, as a judgment creditor and third-party beneficiary under the ISOP excess policy issued to Legacy, the ISOP excess policy limits of $2 million, in partial satisfaction of the judgment filed by Morena Vista and entered against Legacy. (*Id.* at ¶¶ 26-29).

4. The Summons (Exhibit B) and Complaint were served on ISOP on July 18, 2014. A true and correct copy of the Summons and Complaint are attached to this Notice, as required by 28 U.S.C. § 1446(a). ISOP has not yet responded to the Complaint in this action.

///

///

///

5.   This Notice of Removal is filed with this Court within 30 days of the earliest date on which ISOP was first served with a copy of the Summons and Complaint in the above-entitled action. This removal is therefore timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

6.   This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**A.   Complete Diversity of Citizenship Exists**

7.   Plaintiff has alleged and ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, Morena Vista was and is now, a citizen of California because both of its members are citizens of California. (Exhibit A at ¶ 1).

8.   ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, Morena Vista Development, LLC was and is now a member of Morena Vista.

9.   ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, Morena Vista Development, LLC was and is now, a citizen of California because both of its members are citizens of California.

10.   ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, William D. Jones, an individual, was and is a member of Morena Vista Development, LLC. ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, Mr. Jones was and is domiciled in California and a citizen of California.

11.   ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, City Link Investment Corporation was and is a member of Morena Vista Development, LLC. ISOP is informed and believes that, at the time Plaintiff filed this action in state court, and since that time, City Link

Investment Corporation was and is a citizen of California because it was incorporated in California and has its principal place of business in California.

12. Defendant ISOP is diverse from Plaintiff. ISOP is a corporation organized and existing under the laws of the state of Pennsylvania, with its principal place of business in New York, New York. ISOP was at all relevant times authorized to do business in the State of California. Accordingly, for removal purposes, ISOP is a citizen of the states of Pennsylvania and New York.

13. Under 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction… the citizenship of defendants sued under fictitious names shall be disregarded"). Thus, the existence of Doe Defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

**B.   The Amount in Controversy Exceeds $75,000.00**

14. In addition, the amount in controversy exceeds $75,000.00, exclusive of interests and costs and therefore, meets the requirements of 28 U.S.C. § 1332(a). While ISOP denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because the amount alleged exceeds the jurisdictional minimum of $75,000.00.

15. Plaintiff seeks general and special damages in an amount according to proof at trial in the first cause of action, including damages in the amount of the full $2 million limits of the ISOP excess policy, exclusive of interest and costs. (Exhibit A at ¶ 39).

16. Plaintiff seeks general, special and consequential damages in an amount according to proof at trial in the third cause of action, including damages in the amount of the full $10.5 million Judgment, exclusive of interest and costs. (Exhibit A at ¶ 49).

///

17. Plaintiff seeks to recover the Judgment against ISOP in the fifth cause of action in an amount up to the $2 million limits of the ISOP excess policy, exclusive of interest and costs. (Exhibit A at ¶ 61).

18. In addition, in the sixth cause of action, Plaintiff seeks general, special and consequential damages, attorney's fees, and punitive damages in an unstated amount. (Exhibit A at ¶ 66). Such allegations should also be considered in calculating the amount in controversy. *See Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (finding that special and general damages, attorneys' fees, and punitive damages are included in the calculation of the amount in controversy for diversity jurisdiction).

19. These alleged damages substantially exceed the jurisdictional minimum of this Court. Therefore, the amount in controversy exceeds the $75,000.00 threshold amount associated with diversity jurisdiction.

## VENUE

20. Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. § 1391 insofar as the action was originally filed in the Superior Court of the State of California for the County of San Diego.

## NOTICE

21. ISOP will give written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. § 1446(d).

22. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego as required by 28 U.S.C. § 1446(d).

///
///
///
///
///

**WHEREFORE**, ISOP respectfully notifies this Court that it has jurisdiction over this matter under 28 U.S.C. § 1332, and that removal of this action from the Superior Court of California, County of San Diego is appropriate under 28 U.S.C. §§ 1332, 1391, 1441, and 1446.

Dated: August 15, 2014          McCLOSKEY, WARING & WAISMAN LLP

                                By:   /s/ Andrew R. McCloskey
                                      Andrew R. McCloskey
                                      Christina Ding
                                      Attorneys for Defendant
                                      INSURANCE COMPANY OF THE
                                      STATE OF PENNSYLVANIA